J-S46032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                    :          PENNSYLVANIA
                                             :
         v.                                         :
                                           :
                                           :
DAVID SCOTT RICE                      :
                                         :
           Appellant                 :     No. 112 MDA 2017

Appeal from the Judgment of Sentence May 3, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003324-2011

BEFORE: BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED JULY 19, 2017**

Appellant, David Scott Rice, appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Lancaster County following his guilty plea to 105 counts of possession of child pornography, 18 Pa.C.S.A. §§ 6312(d)(1). In addition to this appeal, appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history have been previously set forth by this Court, in part, as follows:

On May 3, 2013, [Appellant] pled guilty on docket number 3324-2011 to 105 counts of Possession of Child Pornography[1] in violation of 18 Pa.C.S. § 6312(d)(1).[2] Pursuant to a negotiated plea agreement, [Appellant] was sentenced to the following: five to ten years' incarceration for each of counts one and two, to be served consecutively; two and a half to five years' incarceration for count three, to be served consecutively to count two; five to ten years' incarceration for counts four through 105, to be served concurrently with count one. Accordingly, [Appellant's] total aggregate sentence was twelve and a half to twenty five years' incarceration. [Appellant was given 676 days of credit for time served.] At the time of the plea, [Appellant] was represented by Attorney Samuel Encarnacion. [No direct appeal was filed.]

[On September 13, 2013, Appellant filed a *pro se* petition seeking credit for additional time served, to which the Commonwealth responded that the additional time for which Appellant sought credit had already been applied to unrelated charges at docket number 2157-2009 for which Appellant's probation was revoked when he was arrested on the instant charges at docket number 3324-2011. The trial court denied Appellant's petition on October 23, 2013.]

On April 23, 2014, [Appellant] filed a timely *pro se* Motion for Post-Conviction Collateral Relief [("PCRA"), 42 Pa.C.S.A. §§ 9541-46], and on May 5, 2014, the [PCRA court] appointed Attorney Vincent J. Quinn, Esquire, as PCRA counsel. Mr. Quinn was grant[ed] forty-five (45) days to file an amended petition. None was filed, and on August 22, 2014, Attorney Quinn filed a

_____

[1] Each count was graded as a second degree felony, and each was punishable by up to ten years in prison and a $25,000 fine. N.T., 5/3/13, at 3.

[2] The information describes pornographic photographs and videos depicting children as young as four years old performing sex acts on adults. Information, 4/19/13, at Count 83.

- 2 -

[**Turner/Finley**] no-merit letter[3] and a Motion to Withdraw as Counsel. On October 6, 2014, pursuant to Pa.R.Crim.P. 907, the [PCRA court] filed its Notice of Intent to Dismiss [Appellant's] *pro se* PCRA petition without a hearing and granted Mr. Quinn permission to withdraw as counsel.

On June 24, 2015, for the reasons stated in the court's October 6, 2014, Order, [the PCRA court] dismissed [Appellant's] PCRA Petition without [a] hearing under Rule 907. On July 16, 2015, [Appellant] filed a Notice of Appeal....[Appellant] included in this Notice an application to proceed *in forma pauperis* for purposes of appellate review. On July 29, 2015, [the PCRA court] granted [Appellant's] Petition to proceed with the filing of his appeal *in forma pauperis*.

**Commonwealth v. Rice**, No. 1319 MDA 2015, *1-3 (Pa.Super. filed 5/4/16) (unpublished memorandum) (footnotes in original) (quotation to record omitted).

On appeal, this Court concluded the PCRA court had failed to address adequately Appellant's claim that guilty plea counsel was ineffective in failing to file a timely, requested direct appeal from his judgment of sentence. **See id.** Thus, this Court vacated the PCRA court's June 24, 2015, order and remanded for the appointment of new counsel to review the record and file an amended PCRA petition. **See id.**

Upon remand, the PCRA court appointed Christopher P. Lyden, Esquire, who filed an amended PCRA petition raising Appellant's claim that guilty plea counsel was ineffective in failing to file a direct appeal. On

---

[3] **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1998).

January 3, 2017, the PCRA court granted Appellant's PCRA petition and reinstated his direct appeal rights.

On January 5, 2017, Appellant filed the instant timely, counseled notice of appeal, and in response to the trial court's Pa.R.A.P. 1925(b) order, Appellant filed a timely, counseled Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Pa.R.A.P. 1925(a) opinion. Thereafter, appellate counsel filed with this Court a petition to withdraw his representation, and he submitted an *Anders* brief.

When faced with a purported *Anders* brief, this Court may not review the merits of the issues raised therein without first passing on the request to withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the

- 4 -

appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted).

Instantly, Attorney Lyden provided a summary of the history of the case, referred to anything in the record that he believed arguably supports the appeal, set forth his conclusion that the appeal is frivolous, and stated in detail his reasons for so concluding. Moreover, counsel has provided this Court with a copy of the letter, which counsel sent to Appellant informing him of his right to retain new counsel, proceed *pro se*, or raise any points Appellant deems worthy of this Court's attention.[4] Accordingly, we conclude counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***. We, therefore, turn to the issues presented in the ***Anders*** brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179 (Pa.Super. 2016).

Appellant presents the following issues on appeal:

1. Was plea counsel ineffective for failing to object to evidence not properly authenticated?
2. Was plea counsel ineffective for failing to properly argue chain of custody?

---

[4] Appellant has filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel.

3. Was plea counsel ineffective for failing to object to affidavits containing misstatement of fact?

4. Was plea counsel ineffective for presenting evidence of a phone call without Appellant's consent?

5. Was plea counsel ineffective for failing to argue that a lack of internet and email history warranted dismissal of charges?

6. Was plea counsel ineffective for failing to object to the court's failure to award time credit?

7. Is the sentence imposed unconstitutional pursuant to *Alleyne v. United States*[,133 S.Ct. 2151 (2013)]?

*Anders* Brief at 4.

In issues one through six, Appellant presents ineffective assistance of guilty plea counsel claims. For the reasons that follow, we defer Appellant's ineffective assistance of guilty plea counsel claims to be raised in a petition under the PCRA.[5]

Our Supreme Court has held that claims of ineffective assistance of counsel generally must await collateral review under the PCRA. *Commonwealth v. Holmes*, 621 Pa. 595, 79 A.3d 562 (2013); *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). The *Holmes* Court recognized two exceptions to the general rule whereby claims of ineffective assistance of counsel may be raised and addressed on direct appeal: (1) where the trial court determines that a claim of ineffectiveness is

---

[5] This Court has explained that, when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* via a first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition. *See Commonwealth v. Karanicolas*, 836 A.2d 940 (Pa.Super. 2003).

both meritorious and apparent from the record so that immediate consideration and relief is warranted; or (2) where the trial court finds good cause for unitary review, and the defendant makes a knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. *Holmes*, 79 A.3d at 564, 577.

Here, Appellant did not satisfy either of the aforementioned exceptions. With regard to the first exception, the trial court made no determination that any of the claims of ineffectiveness are both meritorious and apparent from the record. In fact, in its Pa.R.A.P. 1925(a) opinion, the trial court urges this Court to defer the ineffectiveness claims to collateral review. Trial Court Opinion, filed 4/19/17, at 4. With regard to the second exception, there is no indication Appellant has made a knowing and express waiver of his entitlement to seek PCRA review. Consequently, in light of *Holmes*, we dismiss Appellant's claims of ineffective assistance of guilty plea counsel without prejudice to his ability to raise the claims in a subsequent PCRA petition, if he so chooses.

In his final issue, Appellant contends that his sentence is illegal pursuant to *Alleyne*, *supra*. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Libengood*, 152

A.3d 1057, 1061-62 (Pa.Super. 2016) (quotation marks and quotation omitted).

In **Alleyne**, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. **Id.** at 2163. The trial court determined that **Alleyne** is inapplicable to Appellant's sentence as he "was not sentenced pursuant to a mandatory minimum sentence which would fall under the ambit of the **Alleyne** decision." Trial Court Opinion, filed 4/19/17, at 6. We agree with the trial court in this regard, and thus, the rule announced in **Alleyne** is inapplicable to the within case.

For all of the foregoing reasons, and after an independent review, we conclude Appellant is not entitled to relief and we grant counsel's petition to withdraw his representation.

Judgment of Sentence Affirmed. Petition to Withdraw as Counsel Granted.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/19/2017